UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO, and )
JASON LEOPOLD )
c/o Law Office of Jeffrey L. Light )   Civil Action No. 1:16-cv-1827 (KBJ)
1712 Eye St., NW, Suite 915 )
Washington, DC 20006, )
)
)
)
PLAINTIFFS )
vs. )
)
INTERNAL REVENUE SERVICE, )
1111 Constitution Avenue, NW., )
Washington, DC 20224 )
)
DEPARTMENT OF JUSTICE, )
950 Pennsylvania Ave., NW )
Washington, DC 20530, )
)
and )
)
DEPARTMENT OF HOMELAND )
SECURITY, )
245 Murray Ln., SW )
Washington, DC 20528 )
)
)
DEFENDANTS )
)

## FIRST AMENDED COMPLAINT

### THE PARTIES

1.     Plaintiff Ryan Noah Shapiro is a Ph.D. candidate in the Department of Science,

Technology, and Society (HASTS) at the Massachusetts Institute of Technology, as well as a

Research Affiliate at the Berkman Klein Center for Internet & Society at Harvard University.

Plaintiff is an historian of national security, the policing of dissent, and governmental

transparency.

2.      Plaintiff Jason Leopold is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

3.      Defendant Department of Justice (DOJ) is an agency of the United States.

4.      The Federal Bureau of Investigation (FBI) is a component of Defendant DOJ.

5.      The Internal Revenue Service (IRS) is an agency of the United States.

6.      Defendant Department of Homeland Security (DHS) is an agency of the United States.

7.      The United States Secret Service is a component of Defendant DHS.

8.      The FBI, IRS, and Secret Service have possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

9.      This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

10.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

11.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

IRS

12.      On several occasions, Donald J. Trump has indicated a willingness to disclose his individual income tax returns. In a 19 April 2011 interview with ABC News, Trump stated, "I'd

love to give my tax returns."  In May 2014, Trump told Ireland's TV3, "[I]f I decide to run for

office, I'll produce my tax returns, absolutely and I would love to do that." In February 2015,

Trump told radio host Hugh Hewitt that he would "certainly" release at least some of his returns

if he ran for the White House, and that he had "no objection" to doing so.

13.     On 25 February 2016, Trump said during the CNN-Telemundo Republican

Debate, "I want to release my tax returns but I can't release it while I'm under an audit."

14.     The official website for Donald J. Trump's presidential campaign contains a letter

from Mr. Trump's personal tax counsel indicating that the IRS has and continues to audit his

individual income tax returns. The letter discloses that Mr. Trump's "personal tax returns have

been under continuous examination by the Internal Revenue Service since 2002[.]" The letter

further discloses that Mr. Trumps "tax returns for the years 2002 through 2008 have been closed

administratively by agreement with the IRS without assessment or payment, on a net basis, of

any deficiency. Examinations for returns for the 2009 year and forward are ongoing."

15.     On 26 February 2016, IRS Commissioner John Koskinen said that it is "rare" for

an individual taxpayer to be audited every year, as Trump says he has. Mr. Koskinen further

stated that there is nothing legally stopping any taxpayer from releasing his returns publicly.


FBI

16.     On August 9, 2016, Donald J. Trump stated, "If she gets to pick her judges,

nothing you can do, folks," and, "Although the Second Amendment people — maybe there is, I

don't know."

17.     On July 27, 2016, Donald J. Trump stated, "Russia, if you're listening, I hope you're able to find the 30,000 emails that are missing," and, "I think you will probably be rewarded mightily by our press."

Secret Service

18.     On July 20, 2016, U.S. Secret Service spokesperson Robert Hoback gave the following statement to the Daily Beast: "The U.S. Secret Service is aware of this matter and will conduct the appropriate investigation."

19.     On August 9, 2016, the Secret Service tweeted the following message: "The Secret Service is aware of the comments made earlier this afternoon."

## PLAINTIFFS' FOIA REQUESTS

20.     On August 18, 2016, Plaintiffs, by and through undersigned counsel submitted a FOIA request to the IRS via fax for four categories of records: "any and all audits of Donald J. Trump's individual income tax returns for tax years 2002 forward"; "any and all records mentioning or referring to audits of Donald J. Trump's individual income tax returns for tax years 2002 forward"; "any and all requests by law enforcement agencies for copies of Donald J. Trump's individual tax returns"; and "any and all records mentioning or referring to requests by law enforcement agencies for copies of Donald J. Trump's individual tax returns."

21.     In a letter dated September 9, 2016, the IRS assigned the request tracking number F16231-0101 and responded that "when a person is requesting records pertaining to other persons or businesses, 'the requester shall furnish a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate.' See 26 C.F.R. §

601.702(c)(5)(iii)(C). Without such authorization, the request is incomplete and cannot be processed."

22.     The letter did not provide Plaintiffs with appeal rights and IRS regulations do not provide for an administrative appeal of FOIA requests rejected by the agency for being "incomplete." See 26 C.F.R. § 601.702(c)(10). Accordingly, there were no further administrative remedies for Plaintiffs to pursue.

23.     On August 18, 2016, Plaintiffs, by and through undersigned counsel submitted two FOIA requests to the FBI via email.

24.     The first request sought "disclosure of any and all records, including investigative records, mentioning or referring to Donald J. Trump's statements on 9 August 2016, 'If she gets to pick her judges, nothing you can do, folks,' and 'Although the Second Amendment people — maybe there is, I don't know.'"

25.     The second request sought "disclosure of any and all records, including investigative records, mentioning or referring to Donald J. Trump's statement on 27 July 2016, 'Russia, if you're listening, I hope you're able to find the 30,000 emails that are missing,' and 'I think you will probably be rewarded mightily by our press.'"

26.     Both requests to the FBI were accompanied by a request for expedited processing.

27.     As of the filing of this Complaint, Plaintiffs have not received a response from the FBI as to whether or not their request for expedited processing will be granted.

28.     As of the filing of this Complaint, Plaintiffs have not received a response from the FBI as to whether or not the FBI will release the requested records.

29.     More than 20 business days have elapsed since August 18, 2016. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies.

30.     On August 18, 2016, Plaintiffs, by and through undersigned counsel submitted two FOIA requests to the Secret Service via email.

31.     The first request observed that on August 9, 2016, the Secret Service tweeted the following message: "The Secret Service is aware of the comments made earlier this afternoon." The request sought "disclosure of any and all records that mention or refer to these comments" and "any records compiled as part of any investigation into the referenced comments."

32.     The second request observed that on July 20, 2016, U.S. Secret Service spokesperson Robert Hoback gave the following statement to the Daily Beast: "The U.S. Secret Service is aware of this matter and will conduct the appropriate investigation." The request sought "disclosure of any and all records that mention or refer to the matter" and "any records compiled as part of any investigation into the referenced matter."

33.     Both requests to the Secret Service were accompanied by a request for expedited processing.

34.     As of the filing of this Complaint, Plaintiffs have not received a response from the Secret Service as to whether or not their request for expedited processing will be granted.

35.     As of the filing of this Complaint, Plaintiffs have not received a response from the Secret Service as to whether or not the Secret Service will release the requested records.

36.     More than 20 business days have elapsed since August 18, 2016. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies.

## COUNT I:
## VIOLATION OF FOIA

37.     This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

6

38.     The IRS has violated FOIA by failing to process Plaintiff's FOIA request and by improperly withholding responsive records.

39.     The FBI has violated FOIA by failing to grant or even rule on Plaintiffs' request for expedited processing and by withholding responsive records.

40.     The Secret Service has violated FOIA by failing to grant or even rule on Plaintiffs' request for expedited processing and by withholding responsive records.

41.     Plaintiffs have actually or constructively exhausted their administrative remedies with respect to each request.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' failure to comply with FOIA to be unlawful;

(2) Order Defendants to immediately process Plaintiffs' FOIA requests;

(3) Order Defendants to produce responsive, non-exempt documents without further delay;

(4) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiffs such other and further relief which the Court deems proper.

Respectfully Submitted,

   /s/ Jeffrey Light
     Jeffrey L. Light
     D.C. Bar #485360
     1712 Eye St., NW
     Suite 915
     Washington, DC 20006
     (202)277-6213
     Jeffrey@LawOfficeOfJeffreyLight.com
     *Counsel for Plaintiff*