IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO and ) <br> JASON LEOPOLD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> INTERNAL REVENUE SERVICE, ) <br> DEPARTMENT OF JUSTICE, and ) <br> DEPARTMENT OF HOMELAND ) <br> SECURITY, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:16-cv-1827 |

**THE INTERNAL REVENUE SERVICE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

**Introduction and Summary of Argument**

Plaintiffs Ryan Noah Shapiro and Jason Leopold ("Plaintiffs") filed this action alleging that the Internal Revenue Service ("Service") has failed to release records in response to a request for records they assert was submitted under the Freedom of Information Act ("FOIA") ("Request") to the Service on August 18, 2016.[1]

The Request seeks the following four categories of records: (1) "any and all audits of Donald J. Trump's individual income tax returns for tax years 2002 forward;" (2) "any and all records mentioning or referring to audits of Donald J. Trump's individual income tax returns for tax years 2002 forward;" (3) "any and all requests by law enforcement agencies for copies of

---

[1] Plaintiffs have raised separate FOIA claims based on separate requests to the Federal Bureau of Investigation and the Secret Service. The Department of Justice and the Department of Homeland Security will answer separately, and the claims against them are not the subject of this motion.

Donald J. Trump's individual tax returns;" and (4) "any and all records mentioning or referring to requests by law enforcement agencies for copies of Donald J. Trump's individual tax returns." (First Amended Complaint ("FAC") at ¶ 20).

The Service timely responded to the Request by letter on September 9, 2016. (*Id.* at ¶ 21). In that letter, the Service instructed Plaintiffs that, because their request sought the confidential tax return information of a third party, their request could not be processed until they "furnish[ed] a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate" pursuant to the Treasury Regulations. (*Id.*). The Complaint does not allege that Plaintiffs have provided the required consent of the taxpayer, Mr. Trump, to receive his tax records, to the extent they exist.

Plaintiffs' inability to show that Mr. Trump has authorized them to request and receive his tax return information is fatal to their FOIA claim. Under the Service's FOIA regulations, a requester seeking a third party's tax return information must submit a power of attorney or tax authorization to the Service before the Service may acknowledge the existence of that information, let alone search for it and disclose it. Since Plaintiffs' Request fails to comply with the Treasury Regulations, they have not perfected their request for records, and therefore have not exhausted their administrative remedies. Their FOIA claim against the Service must be dismissed because they have failed to state a claim upon which relief can be granted pursuant to Fed. Rule Civ. P. 12(b)(6).

## Argument

**I. THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFFS ARE NOT AUTHORIZED TO REQUEST AND RECEIVE THE THIRD PARTY'S TAX RETURN INFORMATION AND THEREFORE HAVE NOT EXHAUSTED THEIR ADMINISTRATIVE REMEDIES**

The Freedom of Information Act grants federal courts jurisdiction to "enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). However, before seeking judicial review under the FOIA, the requester must first exhaust his or her administrative remedies. *Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004); *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990). When the Plaintiff does not exhaust his or her administrative remedies before filing suit, the suit is properly dismissed under Rule 12(b)(6). *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (where plaintiff fails to exhaust administrative remedies, "the matter is properly subject of a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.").

Plaintiffs' FOIA claim fails on its face because they have not submitted to the Service a perfected FOIA request that complies with the Treasury Regulations. Specifically, because Plaintiffs' Request seeks a third party's tax return information, Plaintiffs were required to obtain the taxpayer's written authorization and provide it to the Service along with their request. They have not done that or even alleged that they have done that. Accordingly, they have failed to exhaust their administrative remedies and their claim against the Service must be dismissed.

### A. Plaintiffs' FOIA Request Does not Comply With the Treasury Regulations Governing Requests for Third Parties' Tax Return Information

The FOIA requires requests to be made "in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). It directs

agencies to promulgate their own regulations to "carry out the provisions" of the Act.  5 U.S.C. § 552(a)(4)(A)(i).  The Service promulgated its FOIA regulations at 26 C.F.R. § 601.702.

The Service's FOIA regulations contain special requirements for requesting information protected by a disclosure statute like the Privacy Act (5 U.S.C. § 552a) or Section 6103 of the Internal Revenue Code.  Specifically, when an individual requests records containing information "the disclosure of which is limited by statute or regulations (as, for example . . . *section 6103 and the regulations thereunder*)" the request itself must "establish the identity and the right of the person making the request to the disclosure of records in accordance with paragraph (c)(5)(iii) of this section."  Treas. Reg. § 601.702(c)(4)(i)(E)) (emphasis added).  For example, when the requester seeks his or her own information, the request must show the requester's identity.  Treas. Reg. § 601.702(c)(5)(iii)(A)-(B).  When the requester seeks the protected information of *another* person – as Plaintiffs seek here – the requester must provide the Service with a "properly executed power of attorney, Privacy Act consent, or tax information authorization,[2] as appropriate."  Treas. Reg. § 601.702(c)(5)(iii)(C).

Plaintiffs have not alleged that they provided the Service with a "properly executed power of attorney . . . or tax information authorization," along with their Request or at any point thereafter, as required by Section 601.702(c)(5)(iii)(C).  They admit that the Service instructed them to submit a power of attorney or tax information authorization and warned them that the failure to do so would render their request incomplete.  (FAC ¶ 21).  But they did not do so.

---

[2] Under the Treasury Regulations, a tax information disclosure is a "separate written document pertaining solely to the authorized disclosure . . . [that] must be signed . . . and dated by the taxpayer who filed the return or to whom the return information relates.  At the time it is signed and dated by the taxpayer, the written document must also indicate – (i) the taxpayer's identity information described in section 6103(b)(6); (ii) the identity of the person or persons to whom the disclosure is to be made; (iii) the type of return (or specified portion of the return) or return information (and the particular data) that is to be disclosed; and (iv) the taxable year or years covered by the return or return information."  Treas. Reg. § 301.6103(c)-1(b)(1)(i)-(iv).

4

Plaintiffs cannot avoid this requirement because all of the information they have requested is prohibited from disclosure by Section 6103 of the Internal Revenue Code. Section 6103 – which is explicitly referenced by the FOIA regulations – limits the disclosure of taxpayers' "returns" and "return information," which it defines broadly as:

> A taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, **or any other data**, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

26 U.S.C. § 6103(b)(2) (emphasis added); *see also* 6103(c) (requiring authorization for disclosure of third party tax information). Section 6103's broad definition of "return information" reaches records gathered or generated in connection with even the possible existence of a person's liability. For example, 6103 encompasses records of "audits" and records "mentioning or referring to" audits. *Id.* (return information includes "whether the taxpayer's return was, is being, or will be examined"). It also reaches records of law enforcement requests for tax returns and records "mentioning or referring to" such requests. *Id.* (return information includes "whether the taxpayer's return was . . . subject to other investigation); *Snider v. United States*, 468 F.3d 500, 507 (8th Cir. 2006) (disclosure of fact that taxpayer was subject of criminal tax investigation prohibited because the fact of whether taxpayer's return was subject to "other investigation" constituted return information).[3]

---

[3] Indeed, information regarding whether or not a taxpayer has even filed a return is itself prohibited from disclosure under Section 6103. *Housley v. I.R.S.*, 697 F. Supp. 2d 3, 4 (D.D.C. 1988) (information concerning "the fact of filing and the potential audit of tax returns of

5

**B. Plaintiffs' Failure to Provide the Service with Written Authorization Renders Their Request Invalid and Constitutes a Failure to Exhaust Their Administrative Remedies**

Under the Service's FOIA regulations, a FOIA request is perfected only if it "conforms in every respect" with its rules and procedures. Treas. Reg. § 601.702(c)(1)(i). A nonconforming request is not perfected, and therefore relieves the agency of any obligation to search for records, or provide a final response to the requester. *Walsh v. F.B.I.*, 905 F. Supp.2d 80, 84 (D.D.C. 2012) ("Under FOIA, an agency's obligations to provide information do not begin until the agency receives a valid request."). The failure to submit a perfected request also amounts to a failure to exhaust administrative remedies that precludes judicial review. *Id.*; *Dale v. I.R.S.*, 238 F. Supp.2 d 99, 104 (D.D.C. 2002) ("An agency's obligations commence upon receipt of a valid request; failure to file a perfected request therefore constitutes failure to exhaust administrative remedies.").

Because Plaintiffs did not provide the taxpayer's written authorization for disclosure of his tax return information, they did not perfect their Request. This means that: (1) the Service's 20-day statutory period to substantively respond to the request never began to run; (2) the Service did not search (and was not required to search) for any potentially responsive records; and (3) the Service never issued an adverse determination such as withholding of any records from disclosure in response to the request.[4] Treas. Reg. § 601.702(c)(1)(i).

---

taxpayers other than [the plaintiff]" prohibited from disclosure under Section 6103 "except as authorized by the taxpayer.").

[4] The Complaint alleges that Plaintiffs were not informed of or provided appeal rights, and therefore exhausted their administrative remedies. (FAC ¶ 22). Not so. Agencies, including the Service, are only required to advise FOIA requesters of their appeal rights when they issue adverse *substantive* determinations (*e.g.*, a denial of records) in response to perfected requests. *See* Treas. Reg. § 601.702(c)(9)(iv).

This, in turn, also means that Plaintiffs failed to exhaust their administrative remedies before filing this action. *Kalu v. I.R.S.*, No. 14-998, 2015 WL 4077756, at *5-*6 (D.D.C. July 1, 2015) (dismissing FOIA claim against Service where Plaintiffs' attorney failed to submit properly executed Form 2848 (power of attorney) to Service). So they cannot maintain their FOIA claim against the Service and the Court must dismiss it under Rule 12(b)(6). *Id.*; *see also Walsh*, 905 F. Supp.2d at 84 ("Failure to file a perfected request therefore constitutes failure to exhaust administrative remedies"); *Dale*, 238 F. Supp. 2d at 107 (dismissing case for failure to exhaust administrative remedies because plaintiff "failed to comply with the administrative requirements of the Freedom of Information Act").

## Conclusion

For the foregoing reasons, the Internal Revenue Service requests that the Court dismiss Plaintiffs' FOIA action against it with prejudice.

Dated: November 4, 2016

                                               */s/ Ryan O. McMonagle*
                                               RYAN O. MCMONAGLE
                                               Trial Attorney, Tax Division
                                               U.S. Department of Justice
                                               P.O. Box 227
                                               Washington, D.C. 20044
                                               Telephone: (202) 307-1355
                                               Facsimile: (202) 514-6866
                                               Email: Ryan.McMonagle@usdoj.gov

Of Counsel:

CHANNING D. PHILLIPS
United States Attorney