UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JASON LEOPOLD, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 16-cv-1827 (KBJ) |
| DEPARTMENT OF TREASURY, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## ORDER GRANTING MOTION FOR LEAVE TO FILE IN CAMERA

Two of the defendants in this Freedom of Information Act ("FOIA") matter—the Department of Homeland Security and the Department of Justice—have publicly filed a motion for summary judgment, a redacted version of the Declaration of Federal Bureau of Investigation Section Chief (Record/Information Dissemination Section, Records Management Division) David M. Hardy (hereinafter, "the Hardy Declaration"), and a Motion for Leave to Submit *Ex Parte*, *In Camera* Versions of certain filings related to their summary judgment motion. (*See* Defs.' Mot. for Summ. J., ECF No. 18; Defs.' Mot. for Leave, ECF No. 17.)[1] In their motion for leave, which is before this Court at present, Defendants represent that the Hardy Declaration contains "certain law-enforcement-sensitive information that is exempt under FOIA and that [needs] to be redacted in the publicly filed version" (Defs.' Mot. for Leave at 1), and they ask the

---

[1] The memorandum of points and authorities in support of Defendants' motion for summary judgment has also been redacted to the extent it quotes or paraphrases the redacted portions of the Hardy Declaration. (*See id.*)

1

Court to permit Defendants to file under seal unredacted versions of the Hardy Declaration and motion for summary judgment, to facilitate the Court's *ex parte*, *in camera* review of these materials (*see id.*).[2]

As cause for this request, Defendants represent that they are "invoking Exemption 7(A), on a categorical basis, to withhold all records responsive to" certain aspects of Plaintiffs' FOIA requests, because "the release of any responsive records would interfere with the FBI's ongoing investigation of Russian interference with the 2016 Presidential Election (which is now under the purview of Special Counsel Robert S. Mueller, III)." (*Id.* at 2.)[3] Defendants further state that, "[i]n order to include certain details and context for the Court's consideration of the FBI's categorical assertion of Exemption 7(A) over certain types of records, the Hardy Declaration includes some unclassified law-enforcement-sensitive information, the public disclosure of which would interfere with Special Counsel Mueller's investigation." (*Id.*) Defendants also maintain that "the FBI is unable to provide additional details about this particular information on the public docket without causing harm to the ongoing investigation." (*Id.*)

Plaintiffs oppose Defendants' request for the submission of certain materials *ex parte* and *in camera*. (*See* Pls.' Opp'n, ECF No. 19.) Plaintiffs point to several cases in this Circuit that have noted that the use of *in camera* declarations is generally

---

[2] Page-number citations to the documents the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.
[3] Exemption 7(A) exempts from FOIA requests "records or information compiled for law enforcement purposes," to the extent that the production of such records or information "could reasonably be expected to interfere with enforcement proceedings[.]" 5 U.S.C. § 552(b)(7)(A).

disfavored (*see id.* at 2–3 (citing *Lykins v. U.S. Dep't of Justice*, 725 F.2d 1455, 1465 (D.C. Cir. 1984)) (other citations omitted)), and while this Court is mindful that *in camera* declarations should be avoided unless absolutely necessary, *see Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1470–71 (D.C. Cir. 1983), it concludes that where, as here, a law enforcement agency indicates that no additional information concerning an ongoing investigation may be publicly disclosed without revealing precisely the information that the agency is entitled to withhold under the FOIA, the receipt of *in camera* declarations is appropriate. *See, e.g.*, *Life Extension Found., Inc. v. I.R.S.*, 915 F. Supp. 2d 174, 186 (D.D.C. 2013); *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 16 (D.D.C. 2009). Under the instant circumstances, the Court finds that Defendants have adequately demonstrated the need for *in camera* review of redacted submissions by representing that redaction of the information that Defendants intend to make available for *in camera* inspection is necessary to prevent interference with Special Counsel Mueller's investigation, and that revealing more about the redacted information on the public record would disclose the very information that Defendants seek to withhold.

      The Court also notes that the Hardy Declaration appears to contain relatively few redactions, which distinguishes the instant case from cases in which entire declarations are submitted for *in camera* review and no information is provided publicly. The fact that Defendants here appear to have sought to minimize interference with the normal adversary process by making a significant portion of the Hardy Declaration available to

3

Plaintiffs and the public also weighs in favor of safeguarding Defendants' interests in withholding the redacted parts of the documents and reviewing them *in camera*.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Defendants' Motion for Leave to Submit *Ex Parte*, *In Camera* Versions of the FBI's Summary Judgment Filings (ECF No. 17) is **GRANTED**. Defendants are authorized to file unredacted versions of the redacted filings for this Court's *in camera* review, and shall make arrangements to do so promptly.

The parties are further notified that, upon the Court's review of Defendants' *in camera* filings and the entire record in this case, the Court may determine that the information redacted from the public filings has properly been withheld as potentially causing harm to an ongoing investigation, or it may make further findings that relate to the redacted information, including (a) that the redacted information is not necessary to evaluate the validity of Defendants' assertion of the claimed exemption, or (b) that public disclosure of the redacted information is unlikely to compromise the interests Defendants have asserted.  If the redacted information is unnecessary, the Court will disregard the redacted portions of the filings and will so notify the parties and the public in the context of its ruling on the motion for summary judgment.  If the Court suspects that redacted information has been mischaracterized, it will order Defendants

to show cause why some or all of the redacted information should not be disclosed. *See, e.g.*, *Ray v. Turner*, 587 F.2d 1187, 1218 n.81 (D.C. Cir. 1978) ("After its examination the court may order release of any portions of these [i]n camera affidavits that it determines will present no danger of unauthorized disclosure.").

Date:  August 1, 2017                     *Ketanji Brown Jackson*
                                          KETANJI BROWN JACKSON
                                          United States District Judge